IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**LARRY R. NORWOOD**                                                                                   **PLAINTIFF**

**VERSUS**                                                   **CIVIL ACTION NO. 2:10cv241KS-MTP**

**PERFORMANCE INSURANCE SERVICES, INC.;**
**TIMOTHY A. CRAIG; LLOYD'S LONDON; and**
**JOHN DOE DEFENDANTS 1-100**                                                                **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on a Motion to Dismiss **[#8]** filed on behalf of the defendants, Timothy Craig and Performance Insurance Services and on a Motion to Dismiss **[#15]** filed on behalf of defendant, Certain Underwriters at Lloyd's, London. The court, having reviewed the motions, the responses, the briefs of counsel, the pleadings and exhibits on file and being fully advised in the premises finds that the motions are well taken and should be granted. The court specifically finds as follows:

**BACKGROUND**

The defendants are Performance Insurance Services, Inc. ("Performance"), its president, Timothy A. Craig ("Craig"), and "Lloyd's, London" ("Lloyd's"). Performance is an Indiana corporation located in Carmel, Indiana, and Craig is an Indiana citizen. Lloyd's is an international insurance corporation doing business in Mississippi. Larry R. Norwood is a resident of Jones County, Mississippi. Norwood is a poultry farmer who purchased a Lloyd's insurance policy.

From 2006 to 2009, Performance contracted with insurance agents in the State of Mississippi to sell policies of insurance for poultry and swine facilities. Lloyd's had entered into an agreement with Performance and Craig to broker its insurance policies to this class of consumers. Pursuant to these agreements, beginning on August 1, 2006, the producers solicited and submitted policies of insurance for Lloyd's relating to poultry houses.

Norwood alleges he purchased such a policy of insurance and that an inspection fee was assessed on the policy and all renewals of the policy. Norwood further alleges that despite being charged an inspection fee, an inspection of the insured premises was never performed by any of the defendants or their agents. According to the defendants, when policyholders purchased these policies, they typically paid a $200 policy fee. In 2006 and 2007, this fee was sometimes referred to on certain forms related to the policies as a "Policy/Inspection Fee" or "Policy/Inspect Fee." In 2008 and 2009, however, this fee was referred to on the documents simply as a "Policy Fee." The declaration page for Norwood's 2008 renewal policy lists the fee as a "Policy Fee" and does not use the term "inspection" or "inspect" at all.

A formal complaint regarding the inspection fees was lodged by a Mississippi agent with the Mississippi Insurance Department. On June 8, 2009, the Insurance Commissioner began an investigation of Performance and Craig. On May 10, 2010, Craig and the Department entered into a Consent to Administrative Penalty. As a result, Craig and Performance were compelled to refund fees for the inspections of poultry facilities that were never performed and furnish the Mississippi Insurance Department with proof of the refunds. Performance agreed to pay policyholders a

refund of $75, plus applicable tax whether the fee was identified as a "Policy/Inspection Fee," "Policy/Inspect Fee," or just a "Policy Fee."  Defendants contend that the $75 plus tax refund was arrived at because the Department determined that an inspection would have cost between $50 and $75, and if no inspection was performed, Performance should refund policyholders an amount equal to the cost of an inspection.

On or about July 12, 2010, Norwood received a check from Performance for $160.13 as a refund for the "inspection" portions of two $200 policy/inspection fees he claims he paid (on his 2007 and 2008 insurance policies), plus the tax thereon. Norwood endorsed and negotiated the check.  Thus, the defendants argue that Norwood was reimbursed for his 2007 and 2008 policy years, while only his 2007 policy actually contained the term "inspection fee."

Norwood filed this lawsuit on October 12, 2010. asserting claims against defendants for: (a) negligence; (b) tortious interference with contractual relations; (c) breach of duty of good faith and fair dealing; and (d) fraudulent concealment and misrepresentation.  Norwood now contends, by way of his response to the motions to dismiss, that he is entitled to recover as damages the "[u]nreimbursed portions of the policy/inspection fee attributable to inspection fees," interest from the time he paid the fees "until the date of refund on said portion of the policy/inspection fee refunded by Defendants," punitive damages, attorneys' fees, and an amount equal to the defendants' "income made from said fees."

## Standard of Review

All of the defendants have filed motions to dismiss pursuant to the Federal Rule

of Civil Procedure.  Lloyd's has moved under Rule 12(b)(6) and while Performance and Craig do not limit their motion to subdivision (b)(6) of Rule 12, their legal argument is couched that way in addition to Rule 8 (sufficiency of the pleading) and Rule 9 (pleading special matters, i.e., fraud).  However, Performance and Craig assert that Norwood presented additional matters outside the pleadings in his response and in recognition that the motion may be converted into one for summary judgment under Rule 56, Performance and Craig did the same in their rebuttal by providing the affidavit of Timothy A. Craig.  This affidavit, in large part, merely restates issues not apparently in dispute, however.

In ruling on a 12(b)(6) motion, the court may not go outside the pleadings, specifically the complaint in this case.  "The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately stated in the complaint."  5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990).  As the Fifth Circuit has stated, "We may not go outside the pleadings.  We accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff.  We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993); (internal footnotes and citations omitted).  *See also, Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994).

While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, it must be dismissed under Rule 12(b)( 6) unless it contains sufficient facts to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 US. 544, 555, 127 S. Ct. 1955, 1965 (2007).  A complaint does not pass

muster if it contains no more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.*, 550 US. at 555-56, 127 S. Ct. at 1965.  As the Supreme Court recently held, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, __ US. __, 129 S. Ct. 1937, 1950 (2009) (internal quotations omitted).

Since the 12(b)(6) motion usually only tests the allegations of the complaint, "a post-answer Rule 12(b)(6) motion is untimely and some other vehicle, such as a motion for judgment on the pleadings or for summary judgment must be used to challenge the failure to state a claim for relief." 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1357 at 300 (1990).  However, such a result is only technically correct since subject matter jurisdiction may be raised at any time, either by the court *sua sponte* or by a motion to dismiss.  *See, Burks v. Texas Co.*, 211 F.2d 443 (5th Cir. 1954).

Therefore, any motion which challenges the subject matter jurisdiction of the court would be proper at any time, even up until trial.  Rule 12(h)(3), Fed.R.Civ.P. Therefore, while technically a 12(b)(6) motion may be made at any time, even after a responsive pleading is filed, the court still may not consider anything but the well-pleaded allegations of the complaint in ruling on it.  If any matters outside the complaint are considered, the motion is converted to one for summary judgment.  Regarding such conversion, Rule 12(d) provides specifically;

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties

must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Thus, "The element that triggers the conversion is a challenge to the sufficiency of the pleader's claim supported by extra-pleading material.  It is not relevant how the defense is actually denominated."  5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1366 at 485 (1990).

`    Further, as the Fifth Circuit has explained;

> The only way to test the merit of a claim if matters outside the bounds of the complaint must be considered is by way of motion for summary judgment.  In that event, even if a motion to dismiss has been filed, the court must convert it into a summary judgment proceeding and afford the plaintiff a reasonable opportunity to present all material made pertinent to a summary judgment motion by Fed.R.Civ.P. 56.  *Arrington v. City of Fairfield*, 414 F.2d 687 (5th Cir. 1969); 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366 at 679 (1969).

*Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980).

On a 12(b)(6) motion, of course the court must view all well-pleaded facts as true and in the light most favorable to the non-moving party.  However, "once the proceeding becomes one for summary judgment, the moving party's burden changes and he is obliged to demonstrate that there exist no genuine issue as to any material fact and that he is entitled to judgment as a matter of law."  C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1366 at 506 (1990).

Performance and Craig assert that in Norwood's response to the motions to dismiss, he goes beyond the pleadings by presenting new documents that were not part of his Complaint and making assertions that are inconsistent with the Complaint's allegations.  However, the only documents presented are the declarations page to the 2007 Policy, a copy of the Consent to Administrative Penalty executed by Craig and a

copy of Norwood's refund check for $160.13. There is no dispute as to any of these documents and all relate directly to Norwood's claims and could and should have been appended to the Complaint. They are not the type of extra-pleading material which normally would require the court to convert the present motions to ones for summary judgment. Indeed, courts can consider certain documents not attached to the complaint without converting the motion to one for summary judgment. *See, Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995) (public records); and *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (documents referred to in the complaint that are central to the claim).

The defendants's assertions that Norwood has argued matters outside the allegations of his Complaint in responding to the motions to dismiss are no reason to convert the motions to summary judgment either. Indeed, to the extent that Norwood argues such matters outside the allegations of his Complaint, they are simply irrelevant to the issues before the court. Basically, the defendants' primary argument for dismissal is that Norwood was refunded more than he was charged in the improper inspection fee imbroglio, and, thus, has no damages. Indeed, Norwood admits to the refund amount but attempts to paint new accusations in his response. The court will address the motions to dismiss on the allegations of the Complaint as presented, not as imagined.

## **Discussion and Analysis**

Norwood has asserted causes of action for negligence, tortious inference, breach of duty of good faith and fair dealing, and fraud. At the heart of each claim is the notion that the defendants charged Norwood inspection fees without performing any

inspections.  Thus, the defendants argue that according to Norwood's own allegations, he has no valid claim because to prevail on any of these causes of action, Norwood would have to prove the essential element of damages.  *See, e.g., Mladineo v. Schmidt*, --- So.3d ----, 2008-CA- 02011-SCT, 2010 WL 4242620, at *7 (Miss. Oct. 28, 2010) ("The elements of a negligence claim are duty, breach of duty, proximate cause, and damages."); *O.W.O. Investments, Inc. v. Stone Inv. Co., Inc.*, 32 So.3d 439, 448-49 (Miss. 2010) ("The elements of tortious interference with contract are … that actual damage and loss resulted."); *Cenac v. Murry*, 609 So.2d 1257, 1273 (Miss. 1992) ("Our research reveals that in Mississippi, as well as in other jurisdictions, the appropriate remedy for the breach of the covenant of good faith is the measure of expectancy type damages."); *Holland v. Peoples Bank & Trust Co.*, 3 So.3d 94, 100 (Miss. 2008) ("In order to recover under a theory of fraudulent misrepresentation, a plaintiff must prove … injury.").

However, the defendants argue that the allegations in Norwood's Complaint, taken as true, establish that he cannot prove damages.  Norwood asserts in Paragraph 15 of his Complaint that, pursuant to a consent agreement with the Department of Insurance, "Craig was compelled to refund fees for inspections of poultry facilities that were never performed and furnish the Mississippi Insurance Department with proof of said refunds."  Defendants assert that this means that Norwood has suffered no damages and cannot prove his claims as a matter of law.  The court agrees.  By alleging facts that negate his own claims, Norwood has "been hoist with his own petard.'" *Keane v. Fox Television Stations, Inc.*, 297 F. Supp. 2d 921, 932 (S.D. Tex. 2004) (dismissing action) (citation omitted).

In his response, Norwood asserts that he can recover "[u]nreimbursed portions of the policy/inspection fee attributable to inspection fees." However, there is no such allegation in the Complaint. Further, it is undisputed that Norwood was fully refunded for the portion of any and all fees attributable to inspections. Norwood claims he twice paid a $200 fee – once when he initially purchased his policy in March 2007, and again when he renewed the policy in March 2008. The Department determined that if an inspection had been performed, it would have cost between $50 and $75, so for each $200 fee that policyholders paid, Defendants agreed to refund an amount equal to the cost of an inspection. Pursuant to the Department's direction, on July 12, 2010, Performance paid Norwood a total of $160.13, which amounts to a $75 (plus tax) refund for each of the $200 fees that Norwood claims he paid. Norwood endorsed and negotiated the check from Performance. Defendants claim that because this $160.13 constitutes the maximum amount of the fees Norwood claims to have paid that were "attributable to inspection fees," Norwood has been fully reimbursed. Norwood has made no allegations in his Complaint otherwise. In fact, the allegations of his Complaint negate such a claim.

Norwood also contends in his response that he is entitled to receive "interest from the time plaintiff was improperly assessed the improper inspection fee until the date of refund." There is no like allegation in the Complaint. Further, Mississippi law does not allow Norwood to collect prejudgment interest for the period of time "prior to the filing of the complaint." *In re Guardianship of Duckett*, 991 So.2d 1165, 1180-81 (Miss. 2008) (quoting Miss Code Ann. § 75-17-7). Norwood was fully refund before he brought this lawsuit, he is not entitled to any interest.

Further, because Norwood cannot prove actual damages, he is not entitled to punitive damages or attorneys' fees, either. *See Cole v. Chevron USA, Inc.*, 554 F. Supp. 2d 655, 674 (S.D. Miss. 2007) ("A claim for punitive damages is not itself a chose in action. It is not free-standing, i.e., if there are no actual damages, then there is no right to sue for punitive damages."); *Kennedy v. Anderson*, 881 So.2d 340, 348 (Miss. Ct. App. 2004) ("Unless there is a contractual provision or statutory authority providing for attorney fees, they may not be awarded as damages unless punitive damages are also proper.").

Finally, Norwood asserts that he can recover an "amount equal to Defendant's income made from said fees through investments and utilization of plaintiffs' funds." Once again, there is no such allegation in the Complaint. Further, Norwood cites no authority for this proposition, nor is the court aware of any that supports it.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss **[#8]** filed on behalf of the defendants, Timothy Craig and Performance Insurance Services and the Motion to Dismiss **[#15]** filed on behalf of defendant, Certain Underwriters at Lloyd's, London are granted and this matter is dismissed with prejudice and that all other pending motions are denied as moot. A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 22nd day of February, 2011.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE